## THE STATE *v.* THE JUDGE OF THE DISTRICT COURT OF THE FIRST DISTRICT.

On a rule upon an attorney, under the third section of the act of 27th March, 1823, to show cause why an information should not be filed against him, it is the duty of the judge by whom the rule was granted, to decide as to the sufficiency of the cause shown. The act does not require that the Attorney General should be notified of, or take any part in this preliminary proceeding.

APPLICATION by W. R. B. Wills and T. M. Wadsworth, for a mandamus to the Judge of the District Court of the First District, *Buchanan*, J.

*Wills*, for the application.

BULLARD, J. The petitioners represent that they have preferred charges against Joel G. Sever, an attorney at law, before the District Court of the First District, in virtue of the act of the 27th of March, 1823, providing for the punishment of contempts of court and other offences committed by attorneys at law.*

---

* This act provides :

Section 3. If any counsellor or attorney at law shall commit any fraudulent practice in any court in this State, or shall betray the interests confided to him by any client, it shall be lawful for the injured party, or for any two members of the bar, to make a complaint thereof to the District Court of the district in which the party accused is domiciliated, if it be in session, or before the judge of said court, if it be not in session ; the said complaint must be in writing, stating the facts of the case, and must be supported by the oath of the injured party, or his counsel, when he is the complainant, or by the oath of at least one of the members of the bar by whom the complaint shall be made ; the said complaint shall be filed, and if the said court or judge is satisfied that it is duly made, he shall cause the accused party to be summoned to appear at the court-house, there to show cause, in eight days, why an information should not be filed against him ; and if no good cause should be shown, an information shall be filed against him accordingly. The said information must contain a clear statement of the facts complained of, with the necessary circumstances of places and dates, in as full and precise a manner as would be requisite in an ordinary criminal information. Whereupon, a jury shall be convened and impannelled for the trial of the said information, the accused having at least ten days' notice of the trial ; he shall have a right to challenge, peremptorily, five jurors, and such others against whom he can show good cause of challenge. In all other respects the trial shall be conducted as in ordinary cases of trial for misdemeanor, and a new trial may be granted on the application of the accused, if sufficient cause therefor can be shown. And if the accused be found guilty of the charge made against him, the court may either suspend his license, during a certain period, or vacate and annul it altogether, as they shall judge most fit, according to the circumstances of the case.

That the court issued a rule to show cause, but now refuses to give any final order or decision upon the rule. They pray for a mandamus commanding the Judge of the District Court to make some final order or decree in the premises, or to show cause why he should not.

The judge, in showing cause, recites that part of the act which relates to the instituting of proceedings against delinquent attorneys, which requires that the accused shall be summoned to show cause, in eight days, why an information should not be filed against him ; and which goes on to provide, that "if no good cause be shown, an information shall be filed against him accordingly ;" and further, that " the trial shall be conducted, as in ordinary cases of trial for misdemeanor." He states, that he caused the Attorney General to be notified of the rule ; that evidence was taken before him, as an examining magistrate, under the statute ; that after the evidence was closed, it was transmitted to the Attorney General that he might proceed according to law, and under the discretionary powers vested in him as a public prosecutor. It appears that the judge supposed it the duty of the Attorney General to take notice of the cause shown by the accused attorney, and of the evidence against him ; while the Attorney General thought it the duty of the court first to decide upon the sufficiency of the cause shown, and either to discharge the rule, or make it absolute.

It is to be regretted that any difference of opinion upon a question so purely technical, should have retarded a prosecution which concerns the honor of the profession, as well as the interests of suitors in our courts. It appears to us that there is but one question in the case, to wit, who is to decide upon the sufficiency of the cause shown why an information should not be filed—whether the judge, or the Attorney General ? It is true that the statute does not expressly require the judge to pronounce on the issue made upon the rule to show cause, nor does it make it expressly his duty to order the Attorney General to proceed ; but it seems proper that the issue submitted to the judge, should be solved by him judicially, that is to say, that he should decide whether the accused has shown sufficient cause why he should not be prosecuted by information. The statute does not require

418 NEW ORLEANS,

that the Attorney General should have notice, or that he should take a part in these preliminary proceedings; and although we are not prepared to say that the Attorney General might not proceed without such previous decision upon the rule, yet it appears to us more regular, under the statute, that the District Court should first pronounce upon the exculpatory evidence, which the attorney may produce upon the trial of the rule.

Let the mandamus issue.

